UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERINEO GARZA,<br><br>   Plaintiff,<br><br>v.<br><br>JOSH TEWALT, et al.,<br><br>   Defendants. | Case No. 1:19-cv-00275-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are two motions filed by Plaintiff Erineo Garza. The first motion is styled as a Motion for Summary Judgment against Defendant Rona Siegert and seeks "judgment" against Siegert for failing to file an answer or return a waiver of service in the present suit. Dkt. 19. Garza's second motion is a Motion to Strike relating to certain statements Siegert made in her opposition to his Motion for Summary Judgment. Dkt. 23.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court finds good cause to DENY both motions.

## II. BACKGROUND

On July 11, 2019, Garza, an inmate in the custody of the Idaho Department of Correction, filed a Civil Rights complaint against Josh Tewalt, Debbie Field, David McCluskey, Cindy Wilson, Corizon, Rona Siegert, Amanda Tillemans, Gen Brewer, and Ms. Cammann. Dkt. 3.

Judge B. Lynn Winmill issued an initial review order on October 30, 2019. Dkt. 5. In his order, Judge Winmill determined that Garza could proceed on his Eighth Amendment claims against Corizon, Dr. Cammann, Gen Brewer, Amanda Tillemans, and Rona Siegert. *Id.* at 6. As part of the order, the Court noted that the remaining defendants would be "allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) . . . ." *Id.* at 7. A copy of the Waiver of Service was forwarded by the Clerk of the Court to Siegert, along with the other documents identified in the Initial Review Order (including Garza's Complaint), on October 30, 2019. Dkt. 7

On January 7, 2020, Siegert filed her answer. Dkt. 17.

On January 17, 2020, Garza filed his Motion for Summary Judgment. Dkt. 19.

## III. ANALYSIS

In his Motion, Garza alleges that summary judgment is appropriate because Siegert "failed and refused to endorse the Waiver of Service of Summons [and] file her Answer to the Complaint." Dkt. 19-3, ¶ 7. Garza claims that he cannot file a motion for default

MEMORANDUM DECISION AND ORDER – 2

judgment because Siegert has not answered. Rather, he claims, *because* Siegert has not answered, "the factual allegations of the Complaint are deemed admitted" and that as a result he is entitled to summary judgment under Federal Rule of Civil Procedure 56. Dkt. 19-1, at 4.

Contrary to Garza's assertions, however, his motion *should* be treated as a motion for entry of default under Federal Rule of Civil Procedure 55 because he asserts that Siegert failed to answer or otherwise defend. Thus, the relief he seeks is default judgment as opposed to summary judgment. Fed. R. Civ. P. 55. Garza's position, however, rests on a misunderstanding of law.

While a copy of Garza's Complaint was forwarded by the Clerk of the Court to Siegert following the Court's initial review order, it was not actually "served" on Siegert as required by Federal Rule of Civil Procedure 4. Additionally, the request for waiver of service is not service itself, but relieves the party of service *if signed.*

In this case, there is no indication in the record that Siegert waived service. Accordingly, Garza still had the responsibility to effectuate service. Said differently, Garza could only have moved for default judgment against Siegert if she had signed and returned the waiver of service and then failed to answer or otherwise respond. Absent wavier of service or actual service itself, Siegert is not required to answer at all or may answer at any time.

MEMORANDUM DECISION AND ORDER – 3

On that note, Siegert did actually answer in this case. Dkt. 17. Under Federal Rule of Civil Procedure 12(h), this negates any argument that service was ineffective.[1] It also negates Garza's motion and the requested relief. In sum, Garza's motion is not only improperly before the Court, but is moot as Siegert answered.

Finally, in response to Siegert's response to his motion for summary judgment, Garza filed a Motion to Strike her Statement of Material Facts. Dkt. 23. In his Motion, Garza asserts that Siegert's Statement of Material Facts (Dkt. 21-1) does not comply with local rules, misrepresents certain facts, and/or misconstrues his position. The Court has reviewed Siegert's statement of material facts and finds it appropriate in form and substance.[2] Accordingly, the Court denies Garza's Motion to Strike.

///

///

///

---

[1] Siegert does not make any such argument in her Answer—she only argues ineffective service in response to Garza's motion for default—however, the Court wants to make clear that once Siegert answered, she was in the case regardless of whether she had been served, waived service, or was never served at all. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("Filing an answer to the complaint without objecting to service of process does, however, waive a defendant's right to object to service of process.")

[2] This does not mean that the Court agrees with everything in Siegert's statement of facts. For example, the parties dispute the interpretation of an early line in Judge Winmill's Initial Review Order which states that "the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed." Dkt. 5, at 1. Siegert believes this meant that Garza *could not proceed at all* until an amended complaint had been filed. While that particular line is a bit ambiguous, the "ORDER" section of Judge Winmill's decision leaves little doubt as to what was or was not allowed to proceed and whether amendment was necessary. Judge Winmill clearly allowed Garza to proceed with his Eighth Amendment claim *without amendment* against certain defendants but also stated that if Garza discovered facts later on that would support a claim (previously dismissed) against any of the dismissed defendants, he would need to file a motion to amend. *Id.* at 6. Thus, Garza's claims against Siegert *did not* need to be amended to proceed. In short, the Court will give Siegert's statement of facts the weight it deems appropriate but will not strike it for any of the reasons suggested by Garza.

MEMORANDUM DECISION AND ORDER – 4

## IV. ORDER

IT IS HEREBY ORDERED:

1. Garza's Motion for Summary Judgment (Dkt. 19) is DENIED as MOOT.

2. Garza's Motion to Strike (Dkt. 23) is DENIED.

DATED: May 4, 2020

David C. Nye
Chief U.S. District Court Judge